**CHIPMAN BROWN CICERO & COLE, LLP**
Daniel G. Egan
501 5th Ave. 15th Floor
New York, New York 10017
Telephone: (646) 741-5529
egan@chipmanbrown.com

**CHIPMAN BROWN CICERO & COLE, LLP**
Mark L. Desgrosseilliers (*pro hac vice* requested)
Hercules Plaza
1313 North Market Street, Suite 5400
Wilmington, Delaware 19801
Telephone: (302) 295-0192
desgross@chipmanbrown.com

*Counsel to the Foreign Representative*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter No. 15 |
| Giftcraft Ltd., *et al.*,[1] | Case No.: 25-11030 (MG) |
| Debtors in a Foreign Proceeding. | (Joint Administration Pending) |

**MOTION OF FOREIGN REPRESENTATIVE FOR PROVISIONAL RELIEF PURSUANT TO SECTION 1519 OF THE BANKRUPTCY CODE**

KPMG Inc. ("KPMG"), in its capacity as the court-appointed receiver (in such capacity, the "Receiver") of the above captioned debtors (the "Debtors"), and in its capacity as the authorized

---

[1] The chapter 15 debtor incorporated in Canada and/or in the province of Ontario (the "Canadian Debtor"), along with the last four digits of the Canadian Debtor's Canadian business number, is: Giftcraft Ltd. ("Giftcraft Canada") (9013). The chapter 15 debtors incorporated in the United States (the "U.S. Debtors"), along with the last four digits of each U.S. Debtor's federal tax identification number, are: Giftcraft Holdings USA Inc. ("GH USA") (7406); Giftcraft Holdings, Inc. ("GHI") (1472); Giftcraft Midco, Inc. ("Midco") (1204); Giftcraft Inc. ("Giftcraft US") (6759); Ripskirt Hawaii, LLC ("Ripskirt") (7613); and Yosox USA Inc. ("Yosox") (1367). The Canadian Debtor and the U.S. Debtors are referred to herein, collectively, as the "Debtors" or "Giftcraft"). The Debtors' executive headquarters are located at 8550 Airport Road, Brampton, Ontario, L6T 5A3.

foreign representative (the "Foreign Representative") of the Debtors, which are the subjects of a receivership proceeding (the "Giftcraft Receivership") pursuant to section 243(1) of the *Bankruptcy and Insolvency Act*, R.S.C. 1985, c. B-3, as amended (the "BIA") and section 101 of the *Courts of Justice Act*, R.S.O. 1990, c. C.43, as amended (the "CJA") pending before the Ontario Superior Court of Justice (Commercial List) (the "Canadian Court"), submits this motion (the "Motion"), pursuant to sections 105(a), 1517, 1519, and 1521 of title 11 of the United States Code (the "Bankruptcy Code") to the United States Bankruptcy Court for the Southern District of New York (the "Court"), seeking entry of an order, substantially in the form attached hereto as **Exhibit A**, granting provisional relief (the "Provisional Relief Order"), and specifically, rendering sections 362 and 365 of the Bankruptcy Code applicable with respect to the Debtors and their Property (defined below) that is within the territorial jurisdiction of the United States.

## **PRELIMINARY STATEMENT**

1.      In support of the requested relief, the Foreign Representative respectfully incorporates the following herein by reference:  (a) the *Verified Petition for (I) Recognition of Foreign Main Proceedings, (II) Recognition of Foreign Representative, and (III) Related Relief Under Chapter 15 of the Bankruptcy Code* (the "Verified Petition"); (b) the *Declaration of Foreign Representative Pursuant to 11 U.S.C. § 1515 and Rule 1007(a)(4) of the Federal Rules of Bankruptcy Procedure and in Support of Verified Petition for (I) Recognition of Foreign Main Proceedings, (II) Recognition of Foreign Representative, and (III) Related Relief Under Chapter 15 of the Bankruptcy Code* (the "Foreign Representative Declaration"); and (c) the *Declaration of Kenneth D. Kraft in Support of Verified Petition for (I) Recognition of Foreign Main Proceedings, (II) Recognition of Foreign Representative, and (III) Related Relief Under Chapter 15 of the Bankruptcy Code* (the "Kraft

Declaration"), each filed contemporaneously herewith.[2]   The Foreign Representative further represents to the Court as follows:

2.       As more fully set forth in the Foreign Representative Declaration, KPMG was appointed as Receiver over the Debtors and their assets in the Giftcraft Receivership.  Pursuant to the Appointment Order dated May 14, 2025 (attached as **Exhibit C** to the Foreign Representative Declaration), the Receiver was authorized to, among other things, take possession of the Property, manage the business of the Debtors in the ordinary course of business (including purchase or lease of machinery, equipment, inventories, supplies, premises or other assets to continue the business of the Debtors or any part or parts thereof), engage professionals, market any or all of the Property, sell, convey, transfer, lease or assign the Property or any part thereof out of the ordinary course of business (subject to court approval for any transaction that exceeds $250,000 individually or exceeds $1 million in the aggregate), and to borrow monies by way of a revolving credit or otherwise (subject to Court approval if such borrowings exceed $1 million in the aggregate).  *See* Appointment Order, ¶¶ 3, 22.  The Receiver was further specifically authorized to act as the Foreign Representative and to seek relief under chapter 15 of the Bankruptcy Code.  *Id.* at ¶ 31.

3.       Accordingly, on the date hereof, the Foreign Representative filed the Verified Petition seeking, among other things, recognition of its status as the Debtors' foreign representative, recognition of the Giftcraft Receivership as "foreign main proceedings" under section 1517 of the Bankruptcy Code, and certain related relief.

4.       These Chapter 15 Cases will  serve a critical role in effectuating a fair and orderly liquidation process with respect to the Property, which will be made possible through the Giftcraft

---

[2]        Capitalized terms not otherwise defined herein shall have their meaning as set forth in the Verified Petition, Foreign Representative Declaration, or Kraft Declaration, as applicable.

Receivership. Specifically, this case will (i) protect the Debtors' interests in valuable inventory currently located in the United States, (ii) prevent the Debtors' stakeholders, many of whom have contacts with the United States and are subject to personal jurisdiction of this Court, from commencing actions in the United States that are more properly the subject of the Giftcraft Receivership or that will interfere with its orderly administration, and (iii) permit the Receiver to seek enforcement of further relief obtained from the Canadian Court that may address issues related to the sale of the Debtors' assets, and to their U.S. customers and stakeholders. The relief requested in this Motion is necessary and appropriate for the Receiver to fulfill its mandate of preserving, protecting, and realizing on the Property of the Debtors.

5.      The Foreign Representative now seeks certain provisional relief between the date hereof and this Court's entry of the Foreign Representative's proposed order recognizing the Giftcraft Receivership, and requests, among other things, that this Court immediately order the application of sections 362 and 365 of the Bankruptcy Code to these Chapter 15 Cases.

6.      Although the Appointment Order provided relief by staying proceedings against the Debtors and their Property (*see* Appointment Order ¶ 9), the Debtors may be exposed to potentially adverse action in the United States by certain creditors and other parties in interest (including contract counterparties) who may otherwise disregard the stay imposed under the Appointment Order by, among other things, exercising remedies with respect to the Property in the United States.

7.      The provisional relief requested by the Foreign Representative, which is generally afforded to debtors in chapter 15 recognition proceedings, is required to fulfill its mandate of preserving, protecting, and realizing on the Property.

8.      Indeed, chapter 15 of the Bankruptcy Code is intended to prevent precisely these negative effects on administration of a debtor's insolvency proceeding in a foreign country by

4

complementing and facilitating corporate rehabilitation or liquidation in another country. Therefore, and for reasons further described herein, the Foreign Representative respectfully submits that provisional relief is urgently needed to prevent disruption to the Giftcraft Receivership, conserve the value of the Debtors' assets, and to avoid prejudice to the Receiver's fulfillment of its mandate.

## JURISDICTION AND VENUE

9.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference dated January 31, 2012, Reference M-431 (the "Amended Standing Order").

10.     These Chapter 15 Cases have been properly commenced with respect to each of the Debtors in accordance with sections 1504 and 1509(a) of the Bankruptcy Code by the filing of a petition for recognition of the Giftcraft Receivership under section 1515 of the Bankruptcy Code. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P).

11.     The Foreign Representative confirms its consent, pursuant to Rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

12.     Venue is proper in this District pursuant to 28 U.S.C. § 1410(3) for the following reasons: (i) both Giftcraft Holdings USA Inc. and Giftcraft Inc. are incorporated under the laws of the State of New York; (ii) each of the Giftcraft US GSA, the Secured Guarantee, the Guarantee Joinder, and the GSA Joinder (each, as defined in the Verified Petition) are governed by the laws of the State of New York; and (iii) certain assets of the Debtors, in the form of $50,000 USD, are held in an escrow account based in New York as an undrawn retainer for the undersigned counsel.

5

13.     The bases for the relief requested herein are sections 105(a), 362, 365, 1517, 1519, and 1521 of the Bankruptcy Code.

## BACKGROUND

14.     The Debtors comprise a group of companies in which Giftcraft Ltd., the Canadian entity ("Giftcraft Canada") operating in Canada, and Giftcraft Inc. ("Giftcraft US"), the American entity operating in the United States, carry on the Debtors' primary business as a distributor of gift items, including home decor, jewelry, and other novelties to retailers, ranging from independent specialty retailers to national chains. RipSkirt Hawaii, LLC ("RipSkirt") also carries on a business producing and distributing women's apparel, specializing in quick-drying skirts, dresses and cover-ups. RipSkirt's products are aimed at the vacation and leisure market and are sold through various channels, including e-commerce and retail distribution.

15.     On May 14, 2025, on the application of Royal Bank of Canada ("RBC"), a secured creditor of the Debtors, the Canadian Court entered an order appointing the Receiver (the "Appointment Order")[3]. The Appointment Order provides for the appointment of KPMG as Receiver, without security, of all of the assets, undertakings, and properties of the Debtors acquired for, or used in relation to a business carried on by the Debtors, including all proceeds thereof (the "Property").

16.     The Appointment Order includes the following "stay" provisions to be in force:

**NO PROCEEDINGS AGAINST THE RECEIVER**

8.     **THIS COURT ORDERS** that no proceeding or enforcement process in any court or tribunal (each, a "Proceeding"), shall be commenced or continued against the Receiver except with the written consent of the Receiver or with leave of this Court.

Foreign Rep. Decl., Ex. C, Appointment Order, ¶ 8.

---

[3]     The Appointment Order is attached as **Exhibit C** to the Foreign Representative Declaration.

**NO PROCEEDINGS AGAINST THE DEBTOR OR THE PROPERTY**

> 9.    **THIS COURT ORDERS** that no Proceeding against or in respect of the Debtors or the Property shall be commenced or continued except with the written consent of the Receiver or with leave of this Court and any and all Proceedings currently under way against or in respect of the Debtors or the Property are hereby stayed and suspended pending further Order of this Court.

*Id.* at ¶ 9.

**NO EXERCISE OF RIGHTS OR REMEDIES**

> 10.    **THIS COURT ORDERS** that all rights and remedies against the Debtor, the Receiver, or affecting the Property, are hereby stayed and suspended except with the written consent of the Receiver or leave of this Court, provided however that this stay and suspension does not apply in respect of any "eligible financial contract" as defined in the BIA, and further provided that nothing int his paragraph shall (a) empower the Receiver or the Debtor to carry on any business which the Debtor is not lawfully entitled to carry on, (b) exempt the Receiver or the Debtor from compliance with statutory or regulatory provisions relating to health, safety or the environment, (c) prevent the filing of any registration to preserve or perfect a security interest, or (d) prevent the registration of a claim for lien.

*Id*. at ¶ 10.

17.    The Appointment Order also prohibits certain adverse actions from being taken by contract counterparties, as follows:

> **THIS COURT ORDERS** that no Person shall discontinue, fail to honour, alter, interfere with, repudiate, terminate or cease to perform any right, renewal right, contract, agreement, licence or permit in favour of or held by the Debtors, without written consent of the Receiver or leave of this Court.

18.    *Id*. at ¶ 11.  *See also Id.* at 12 (prohibiting suppliers of goods and/or services from "discontinuing, altering, interfering with or terminating the supply of such goods or services as may be required by the Receiver").

19.     The Appointment Order also vests the Receiver with broad power and control over the Debtors' assets and business, including the authority to take possession of and control the Debtors' assets and business.  *Id.* at ¶ 3(a).  This mandate also specifically includes, *inter alia*, the power "to receive and collect all monies and accounts now owed or hereafter owing to the Debtors and to exercise all remedies of the Debtors in collecting such monies…[.]"  *Id.* at ¶ 3(f).

## NEED FOR CHAPTER 15 PROVISIONAL RELIEF

20.     As of the commencement of the Giftcraft Receivership, the Debtors own approximately $4,000,000 CAD in Ripskirt inventory held in the United States (the "U.S. Inventory") at a third-party logistics (3PL) warehouse located in Greenwood, Indiana (the "Indiana Warehouse"), and the Debtors owe more than $300,000 USD to the owner of the Indiana Warehouse.

21.     As of March 19, 2025, Giftcraft Midco, Inc. ("Midco") and Giftcraft Canada (together, the "Borrowers") were collectively indebted to RBC under the Facility Letters (as defined in the Verified Petition) in the aggregate principal amounts of $10,879,507.87 CAD and $27,061,536.46 USD, exclusive of interest, fees, and expenses.

22.     As set forth in the Foreign Representative Declaration, Giftcraft Canada also received a demand letter for payment of rental arrears for its leased premises located at 8550 Airport Road, Brampton, Ontario (the "Leased Premises").  Giftcraft Canada's landlord, Rodenbury Investments Group ("Rodenbury"), agreed to forbear from terminating the lease between Giftcraft Canada and Rodenbury (the "Lease") or exercising its right of distraint in exchange for Giftcraft Canada's partial payment of rental arrears—but only until May 31, 2025.  Although the Debtors made a partial payment as discussed, the period of forbearance has expired.  Now, with no forbearance agreement with Rodenbury in place past May 31, 2025, the Receiver is concerned about the position taken by Rodenbury and the risk such position poses to the U.S. Inventory.

8

23.     In April 2025, Giftcraft US also received two demand letters from AmericasMart Real Estate, LLC ("AmericasMart"), the landlord of Giftcraft US's leased showroom in Atlanta, Georgia, where the Debtors stored sample inventory for U.S.-based retail buyers.  Giftcraft also leases a second showroom located in Dallas, Texas (together, the "Showrooms").

24.     The Atlanta-based Showroom has a lease term ending February 2027, and the Dallas-based Showroom has a lease term ending September 2025.  However, in January 2025, the Debtors vacated the Showrooms and discontinued rent payments under each of the Showroom leases.

25.     Granting the provisional relief requested herein will prevent contractual counterparties from exercising certain rights and remedies in the United States during the course of the Giftcraft Receivership pending the Court's consideration of the Verified Petition.

26.     The Foreign Representative is seeking provisional relief from this Court during the period between the date of filing of this Motion and this Court's entry of the Foreign Representative's proposed order recognizing the Giftcraft Receivership in order to preserve the *status quo* including, but not limited to, enforcing the stay provisions of the Appointment Order and ordering the application of sections 362 and 365 of the Bankruptcy Code to this Chapter 15 Case in the interim.  Such relief is necessary to allow the Receiver to preserve assets that should be available for distribution to all of the Debtors' creditors and to prevent dissipation of the assets in violation of the stay in place pursuant to the Appointment Order.  Moreover, in order for the Receiver to effectively liquidate the Debtors' assets and, if warranted, administer a claims process under the supervision of the Canadian Court, the Receiver must have full advantage of a stay in proceedings (including the protections of Sections 362 and 365(e) of the Bankruptcy Code) so that it may protect the Debtors' rights in the U.S. Inventory, preserve their contractual rights, evaluate the Debtors' other property interests, and investigate any claims asserted against the Debtors' Property.

9

27.     For all of the above reasons, the provisional relief described below is necessary to prevent disruption to the Giftcraft Receivership, conserve the value of the Debtors' assets, and to avoid prejudice to the Receiver's fulfillment of its mandate of preserving, protecting, and realizing on the Property.

## RELIEF REQUESTED

28.     Pursuant to sections 105(a), 1519, and 1521 of the Bankruptcy Code, the Foreign Representative respectfully requests that the Court enter the Provisional Relief Order, substantially in the form attached hereto as **Exhibit A**, granting the following provisional relief pending recognition of the Giftcraft Receivership:

A. Recognition and enforcement in the United States, on a provisional basis, of the Appointment Order providing for, among other things:[4]

    i.   staying all proceedings and remedies taken or that might be taken in respect of the Debtors or their Property until the Court rules on the Debtors' Chapter 15 Petitions, to the same extent provided in the Appointment Order; and

    ii.   recognizing the effectiveness of the Appointment Order insofar as it grants the Receiver powers set forth in Paragraph 3 of the Appointment Order, including, among other things, the power to access and take control of the Debtors' Property, manage the business, and receive and collect all monies and accounts.

B. Recognizing the Foreign Representative as the representative of the Debtors with full authority to administer the Debtors' assets and affairs in the United States.

C. Finding that, until the Court rules on the Debtors' Chapter 15 Petitions, section 362 of the Bankruptcy Code shall apply with respect to the Debtors and the Property that is within the territorial jurisdiction of the United States. For the avoidance of doubt and without limiting the generality of the foregoing, the Provisional Relief Order shall impose a stay within the territorial jurisdiction of the United States with respect to:

    i.   The commencement or continuation, including the issuance or employment of process, of any judicial, administrative, or other action

---

[4]     Capitalized terms used in this section but not otherwise defined herein shall have the meanings ascribed to them in the Appointment Order.

or proceeding involving or against the Debtors or their assets or proceeds thereof, or to recover a claim or enforce any judicial, quasi-judicial, regulatory, administrative, or other judgment, assessment, order, lien or arbitration award against the Debtors or their assets or proceeds thereof, or to exercise any control over the Debtors' assets located in the United States except as authorized by the Foreign Representative in writing;

ii.    The creation, perfection, seizure, attachment, enforcement, or execution of liens or judgments against the Property in the United States or from transferring, encumbering or otherwise disposing of or interfering with the Debtors' assets or agreements in the United States without the express consent of the Foreign Representative;

iii.   Any act to collect, assess, or recover a claim against the Debtors that arose before the commencement of the Debtors' Chapter 15 Cases; and

iv.   The setoff of any debt owing to the Debtors that arose before the commencement of the Debtors' Chapter 15 Cases against any claim against the Debtors.

D.  Finding that, until the Court rules on the Verified Petition, section 365(e) of the Bankruptcy Code shall apply with respect to the Debtors, and their contractual counterparties, as to the Debtors' executory contracts and unexpired leases that are within the territorial jurisdiction of the United States.

E.  Finding specifically that, until the Court rules on the Verified Petition, any and all counterparties to executory contracts with the Debtors are prohibited from taking any steps to terminate or modify any such contract.

F.  Finding that, until the Court rules on the Verified Petition, any and all licensors or licensees are hereby prohibited from taking any steps to terminate or modify any license to which the Debtors are a party for any reason, including non-payment of royalties and/or due to any *ipso facto* clause described by section 365(e)(1) of the Bankruptcy Code.

G.  Finding that, until the Court rules on the Verified Petition, any and all landlords or other parties with a lease of premises to the Debtors located within the U.S. are hereby prohibited from: taking any steps to terminate or modify any lease for any reason, including non-payment of rent and/or due to any *ipso facto* clause described by section 365(e)(1) of the Bankruptcy Code; enforcing any "landlord lien," possessory lien, or similar lien against any Property; changing the locks or codes on the Debtors' premises; or commencing or continuing any eviction or similar proceedings;

## **BASIS FOR RELIEF**

29.     The Foreign Representative has contemporaneously filed the Verified Petition seeking recognition and a ruling that the Giftcraft Receivership is a foreign main proceeding under section 1517 of the Bankruptcy Code.

30.     Section 1519 of the Bankruptcy Code permits the Court, "[f]rom the time of filing a petition for recognition until [it] rules on the petition" to grant provisional relief pending recognition of the foreign proceeding where such relief is "urgently needed to protect the assets of the debtor or the interests of the creditors[.]" 11 U.S.C. § 1519(a).  Sections 1519(a)(1)–(3) of the Bankruptcy Code define the scope of available provisional relief, which includes:

> A.  staying execution against the debtor's assets;
>
> B.  entrusting the administration or realization of all or part of the debtor's assets located in the United States to the foreign representative or another person authorized by the court, including an examiner, in order to protect and preserve the value of assets that, by their nature or because of other circumstances, are perishable, susceptible to devaluation or otherwise in jeopardy; and
>
> C.  any relief referred to in paragraph (3), (4), or (7) of section 1521(a).

11  U.S.C. § 1519(a).

31.     In determining whether provisional relief is appropriate in the gap period between the chapter 15 filing and recognition hearing, bankruptcy courts apply the "standards, procedure, and limitations" applicable for the entry of a preliminary injunction.  11 U.S.C. § 1519(e); *In re Andrade Gutierrez Engenharia S.A.*, 645 B.R. 175, 180–81 (Bankr. S.D.N.Y. 2022).

32.     The Foreign Representative seeks enforcement of the stay provisions of the Appointment Order and imposition of sections 362 and 365(e) of the Bankruptcy Code for the purpose of maintaining the *status quo* until the Court rules on the Verified Petition.   Imposition of such relief is contemplated by section 1521(a)(7) of the Bankruptcy Code.   Accordingly, the Foreign Representative seeks provisional relief under sections 105(a) and 1519 of the Bankruptcy Code.   The

Foreign Representative intends to seek continuation of the stay via section 1521(a)(1) of the Bankruptcy Code upon the Court's recognition of the Giftcraft Receivership as a "foreign main" proceeding.

33.     The provisional relief requested here is an "effective mechanism" to implement the chapter 15 policies of promoting cooperation between courts of the United States and courts of foreign countries involved in cross-border restructuring cases.   The "fair and efficient administration of cross border [cases] that protects the interest of all creditors, and other interested entities," including the Debtors, is essential to the "protection and maximization of the value of the [Debtors'] assets." 11 U.S.C. § 1501(a).

34.     Furthermore, the provisional relief sought herein is of a type frequently granted in chapter 15 cases, including those in this District.   Bankruptcy courts in the United States have routinely imposed the automatic stay provisions of section 362 stay or ordered similar relief to maintain the *status quo* pending recognition or disposition of foreign proceedings in ancillary cases under both chapter 15 and section 304 of the Bankruptcy Code, including in respect of recognition proceedings that relate to restructurings of corporations in Canadian courts.  *See, e.g.*, *In re Andrade Gutierrez,* 645 B.R. at 178–79 (granting provisional relief and applying section 362 of the Bankruptcy Code to the debtors and their property within the United States); *In re Three Arrows Capital, Ltd*., Case No. 22-10920 (Bankr. S.D.N.Y., July 8, 2022) [Docket No. 32] (same); *In re Ascentra Holdings, Inc*., Case No. 21-11854 (Bankr. S.D.N.Y. Nov. 2, 2021) [Docket No. 17] (same);  *In re Mood Media Corp.*, Case No. 17-11413 (Bankr. S.D.N.Y. May 24, 2017) [Docket No. 21] (same); *In re Lion Electric Co.*, Case No. 24-18898 (Bankr. N.D. Ill. Dec. 20, 2024) [Docket No. 27] (same); *In re Antamex Industries ULC,* Case No. 24-10934 (Bankr. D. Del. May 6, 2024) [Docket No. 25] (same); *In re Pride Group Holdings, Inc.*, Case No. 24-10632 (Bankr. D. Del. April 3, 2024) [Docket No. 49] (same); *In re Simex Inc*., Case

No. 24-10083 (Bankr. D. Del. Jan. 26, 2024) [Docket No. 26] (same); *In re NextPoint Financial Inc.*, Case No. 23-10983 (Bankr. D. Del. July 27, 2023) [Docket No. 39] (same).

**I.      Provisional Relief Is Urgently Needed to Protect the Debtors' Assets.**

35.      The provisional relief is urgently needed here to protect the Debtors' assets and to protect the interests of creditors as a whole. *See* 11 U.S.C. § 1519(a). Although a "petition for recognition of a foreign proceeding shall be decided upon at the earliest possible time," there is necessarily a gap between the time the petition for recognition is filed and the time the court makes a decision on whether a proceeding should be recognized. 11 U.S.C. § 1517(c). Prior to recognition, a chapter 15 debtor is not entitled to the automatic stay or any other provisions of the Bankruptcy Code, which, in this case, necessitates an order granting provisional relief. Provisional relief should be granted "where relief is urgently needed to protect the assets of the debtor or the interests of the creditors." 11 U.S.C. § 1519(a).

36.      Without the limited application of section 362, there is a real and significant risk that certain of the Debtors' stakeholders may commence actions or otherwise exercise remedies in the United States that are more properly the subject of the Giftcraft Receivership or that could interfere with the Receiver's ability to maximize the value of the Debtors' assets for the benefit of all stakeholders. This risk is precisely what provisional relief under section 1519 of the Bankruptcy Code is intended to address. *See, e.g.*, *In re Andrade Gutierrez*, 645 B.R. at 181 ("irreparable harm exists when local actions could hinder the orderly process of a foreign proceeding and the goal of fair distribution of assets") (citing *In re Petition of Garcia Avila*, 296 B.R. 95, 114 (Bankr. S.D.N.Y. 2003)).

37.      Most importantly, as detailed above, counterparties to leases or executory contracts who may not believe they are subject to the Appointment Order, may allege events of default and take actions in the United States to pursue remedies based on such alleged events of default, absent the

relief requested herein.   An action against the Debtors at this time will severely impair the Receiver's ability to liquidate the Debtors' assets for the benefit of all stakeholders and potentially result in damage to their value and harm to other creditors and stakeholders.

**II.     The Requested Relief Meets the Standards for a Preliminary Injunction.**

38.     Provisional relief under chapter 15 of the Bankruptcy Code is conditioned on a foreign representative demonstrating that a debtor meets the standards applicable to an injunction.  *See* 11 U.S.C. § 1519(e).   In this context, a preliminary injunction is warranted when (a) there is a likelihood of success on the merits (*i.e.*, the request for recognition); (b) there is "an imminent irreparable harm" to the debtor if the preliminary injunction is not issued; (c) "the balance of harms tips in favor of the moving party"; and (d) "the public interest weighs in favor of an injunction." *In re Andrade Gutierrez*, 645 B.R. at 181 (citing *Lyondell Chem. Co. v. Centerpoint Energy Gas Servs. (In re Lyondell Chem. Co.)*, 402 B.R. 571, 588–89 (Bankr. S.D.N.Y. 2009)).  As discussed herein, the Foreign Representative satisfies the applicable standard.

### A. There Is a Substantial Likelihood of Recognition of the Giftcraft Receivership as a Foreign Main Proceeding.

39.     The first "likelihood of success" element is satisfied in the context of a motion under section 1519 if the movant shows that it will likely obtain recognition of the foreign proceeding.  *In re Andrade Gutierrez*, 645 B.R. at 181 (citations omitted).  Under section 1502 of the Bankruptcy Code, the term "foreign main proceeding" means "a foreign proceeding pending in the country where the debtor has the center of its main interests." 11 U.S.C. § 1502(4).  Section 1516 of the Bankruptcy Code establishes a rebuttable presumption that the debtor's registered office is the debtor's center of main interests. *See* 11 U.S.C. § 1516(c).

40.     Courts have held that a foreign representative seeking recognition of a "foreign proceeding" must prove that such proceeding:

a.  is either judicial or administrative;

b.  is collective in nature;

c.  is in a foreign country;

d.  is authorized or conducted under a law related to insolvency or the adjustment of debts;

e.  is one in which the debtor's assets and affairs are subject to the control or supervision of a foreign court; and

f.  is for the purpose of reorganization or liquidation.

*See In re Ashapura Minechem Ltd.*, 480 B.R. 129, 136 (S.D.N.Y. 2012) (citations omitted).

41.     There is a compelling case for recognition of the Giftcraft Receivership as a "foreign main proceeding."  As set forth in the Kraft Declaration, the Giftcraft Receivership is pending before the Canadian Court under the Bankruptcy and Insolvency Act and satisfies each of the requirements found in section 101(23) of the Bankruptcy Code to establish that it qualifies as a "foreign proceeding" for purposes of that section.  Further, the Giftcraft Receivership is pending in a country where the Debtors have their "center of main interest," evidenced by the following:

a.   Giftcraft Ltd.'s registered office is located at 8550 Airport Road, Brampton, Ontario, L6T 5A3 containing books, records, computers, and employees;

b.  the majority of the Debtors' employees are located in Canada;

c.  the President of the company is located in Canada;

d.  the Debtors' use of the Ontario address on their principal loan documents;

e.  approximately $13 million CAD worth of inventory is located in Canada; and

f.   approximately $2.5 million CAD of accounts receivable are located in Canada.

Consequently, there is a rebuttable presumption that the Debtors' center of main interest is located in Canada.

42.     In addition, these Chapter 15 Cases were duly and properly commenced by filing the

16

chapter 15 petitions accompanied by all fees, documents, and information required by the Bankruptcy

Code and the Bankruptcy Rules.  Upon recognition of the Giftcraft Receivership as a foreign main

proceeding, section 362 of the Bankruptcy Code will automatically apply in these Chapter 15 Cases

pursuant to section 1520(a)(1) of the Bankruptcy Code.  11 U.S.C. § 1520(a)(1).  Moreover,

application of section 365(e) on an interim basis, preventing contract counterparties from terminating

their prepetition contracts with the Debtors, is consistent with the injunctive relief afforded by the

automatic stay under section 362.

### B.  The Debtors Will Suffer Irreparable Harm Absent Provisional Relief.

43.    Application of provisional relief pursuant to sections 362 and 365(e) of the Bankruptcy

Code in these cases is critical to the prevention of irreparable damage to the Giftcraft Receivership.

These Chapter 15 Cases were commenced for the purpose of obtaining the assistance of this Court in

respect of the Giftcraft Receivership and to give effect in the United States to the Appointment Order

and subsequent orders of the Canadian Court.  As noted in the Foreign Representative Declaration

and in the Verified Petition, the Debtors have assets in the United States, including $4,000,000 CAD

in inventory.  Unless the Provisional Relief Order is granted and all creditors and counterparties are

enjoined, the Receiver faces the risk that the Debtors' creditors may take enforcement actions to

recover against their United States assets, as well as the risk that landlords and contract counterparties

may attempt to assert rights to the Property.  If certain creditors and other counterparties unilaterally

pursue collection or enforcement efforts, such actions could diminish the value of the Debtors' assets

to the detriment of all stakeholders.  The relief requested herein is necessary to protect against these

risks.

44.    The purpose of chapter 15 is to provide such protection by, among other things,

ensuring that all of a debtor's creditors are enjoined from taking action against the debtor's assets,

thereby preventing some creditors from getting an unfair advantage over others.  *See* 11 U.S.C.

§ 1501.  A number of courts have recognized the need to provide provisional relief to ensure the orderly distribution of a debtor's assets in a single proceeding and prevent piecemeal enforcement against a debtor's assets across multiple jurisdictions.  *See, e.g.*, *In re Energy Coal S.P.A.*, 582 B.R. 619, 626–27 (Bankr. D. Del. 2018) (stating that harm to an estate exists where orderly determination of claims and fair distribution of assets are disrupted); *Victrix S.S. Co., S.A. v. Salen Dry Cargo, A.B.*, 825 F.2d 709, 713–14 (2d Cir. 1987) (same); *In re Banco Nacional de Obras y Servicios Publicos, S.N.C.*, 91 B.R. 661, 664 (Bankr. S.D.N.Y. 1988) (stating that injunctive relief is necessary "to prevent individual American creditors from arrogating to themselves property belonging to the creditors as a group."); *In re Lines,* 81 B.R. 267, 270 (Bankr. S.D.N.Y. 1988) (stating that "the premature piecing out of property involved in a foreign liquidation proceeding constitutes irreparable injury").

### C.  The "Balance of Harms" Weighs in Favor of a Grant of Provisional Relief.

45.     In contrast to the hardships described above, preservation of the *status quo* through imposition of the automatic stay and prevention of enforcement of contract remedies while the Receiver undertakes the liquidation process in the Giftcraft Receivership will not prejudice creditors. Indeed, creditors as a whole will benefit from such relief.  The relief requested in this Motion is intended to be temporary, extending only through the disposition of the Verified Petition.   Moreover, the Provisional Relief Order specifically provides that any creditor that believes it has been harmed by the provisional relief granted therein may file a motion with the Court seeking relief therefrom. Granting the request for provisional relief will benefit the Debtors' creditors because it will ensure the value of the Debtors' assets and business is preserved, protected, and maximized for the benefit of, and fair distribution to, all creditors.

### D.  Public Interest Favors Granting Provisional Relief.

46.     As noted above, the requested interim relief is consistent with the policies underlying the Bankruptcy Code, including the provision of a "breathing spell" for a debtor and the equitable

treatment of all creditors.  Additionally, granting the requested relief is in the public interest because it will facilitate the Receiver's efforts to maximize the value of the Property for the benefit of the Debtors' creditors and other stakeholders—including those in the United States.  *See Rehabworks, Inc. v. Lee* (*In re Integrated Health Servs., Inc.*), 281 B.R. 231, 239 (Bankr. D. Del. 2002) ("In the context of a bankruptcy case, promoting a successful reorganization is one of the most important public interests."); *Am. Film Techs, Inc. v. Taritero* (*In re Am. Film Techs., Inc.*), 175 B.R. 847, 849 (Bankr. D. Del. 1994) ("It is 'one of the paramount interests' of this court to assist the Debtor in its reorganization efforts.") (quoting *Gathering Rest., Inc. v. First Nat'l Bank of Valparaiso* (*In re Gathering Rest., Inc.*), 79 B.R. 992, 1001 (Bankr. N.D. Ind. 1986)).  Moreover, granting provisional relief is in the public interest because it promotes cooperation between jurisdictions in cross-border insolvencies, which is an express purpose of chapter 15 of the Bankruptcy Code.  11 U.S.C. § 1501(a).

## WAIVER OF BANKRUPTCY RULE 1007(a)(4)(B)

47.    Contemporaneously with the filing of this Motion, the Foreign Representative filed the Lists Pursuant to Federal Rules of Bankruptcy Procedure 1007(a)(4) and 7007.1 (the "Bankruptcy Disclosures"), as a schedule attached to each Debtor's petition.  Among other things, Bankruptcy Rule 1007(a)(4)(B) requires a list of all entities against whom provisional relief is being sought under Section 1519 of the Bankruptcy Code, unless the court orders otherwise.  As set forth in this Motion and as reflected in the Bankruptcy Disclosures, the Foreign Representative seeks provisional application of the stay similar to that available under Section 362 of the Bankruptcy Code that would specifically, but not exclusively, affect those parties.  The relief sought herein could likewise affect other parties to the extent any party might commence litigation against the Debtors or enforce remedies against their Property.

48.     The disclosure provided in the Rule 1007 statement with respect to this Motion is sufficient to satisfy Bankruptcy Rule 1007(a)(4)(b).  However, and given that other, unknown parties may be affected, the Foreign Representative also requests that the Court waive any further requirement under Rule 1007(a)(4)(B) with respect to the provisional relief sought by this Motion as applied to parties that will be generally affected by the provisional relief order especially in light of the extensive number of parties that the Debtors did include in the Bankruptcy Disclosures.  *See In re Andrade Gutierrez*, 645 B.R. at 178–79 (granting motion for provisional relief, including waiving compliance with Rule 1007(a)(4)(B)).

## NO PRIOR REQUEST

49.     No previous request for the relief requested herein has been made to this Court or any other court.

## NOTICE

50.     The Foreign Representative will provide notice of this Motion consistent with Bankruptcy Rule 2002(q) and Rule 9078-1 of the Local Bankruptcy Rules for the Southern District of New York.  The Foreign Representative proposes to notify all creditors and parties in interest of the filing of the Petitions and the Foreign Representative's request for entry of an order granting the relief sought in the Verified Petition in the form and manner set forth in the *Motion for Order Scheduling Recognition Hearing and Specifying Form and Manner of Service of Notice*, filed contemporaneously herewith.  The Foreign Representative submits that, in view of the facts and circumstances, such notice is sufficient, and no other or further notice need be provided.

**WHEREFORE** the Foreign Representative respectfully requests that this Court enter the Provisional Relief Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and such other and further relief as may be just and proper.

Dated:  May 20, 2025


*/s/  Daniel G. Egan*

**CHIPMAN BROWN CICERO & COLE, LLP**
Daniel G. Egan
501 5th Ave. 15th Floor
New York, New York 10017
Telephone: (646) 741-5529
egan@chipmanbrown.com

**CHIPMAN BROWN CICERO & COLE, LLP**
Mark L. Desgrosseilliers (*pro hac vice* requested)
Hercules Plaza
1313 North Market Street, Suite 5400
Wilmington, Delaware 19801
Telephone: (302) 295-0192
desgross@chipmanbrown.com

*Counsel to the Foreign Representative*