**CHIPMAN BROWN CICERO & COLE, LLP**
Daniel G. Egan
501 5th Ave. 15th Floor
New York, New York 10017
Telephone: (646) 741-5529
egan@chipmanbrown.com

**CHIPMAN BROWN CICERO & COLE, LLP**
Mark L. Desgrosseilliers (*pro hac vice* requested)
Hercules Plaza
1313 North Market Street, Suite 5400
Wilmington, Delaware 19801
Telephone: (302) 295-0192
desgross@chipmanbrown.com

*Counsel to the Foreign Representative*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Giftcraft Ltd., *et al.*,[1]<br><br>Debtors in a Foreign Proceeding. | Chapter No. 15<br><br>Case No.: 25-11030 (MG)<br><br>(Joint Administration Pending) |

**MOTION PURSUANT TO FED. R. BANKR. P. 2002 AND 9007
REQUESTING ENTRY OF ORDER SCHEDULING RECOGNITION
HEARING AND SPECIFYING FORM AND MANNER OF SERVICE OF NOTICE**

KPMG Inc. ("KPMG"), in its capacity as the court-appointed receiver (in such capacity, the "Receiver") of the above captioned debtors (collectively, "Giftcraft" or the "Debtors"), and in its capacity as the authorized foreign representative (the "Foreign Representative") of the Debtors,

---

[1] The chapter 15 debtor incorporated in Canada and/or in the province of Ontario (the "Canadian Debtor"), along with the last four digits of the Canadian Debtor's Canadian business number, is: Giftcraft Ltd. ("Giftcraft Canada") (9013). The chapter 15 debtors incorporated in the United States (the "U.S. Debtors"), along with the last four digits of each U.S. Debtor's federal tax identification number, are: Giftcraft Holdings USA Inc. ("GH USA") (7406); Giftcraft Holdings, Inc. ("GHI") (1472); Giftcraft Midco, Inc. ("Midco") (1204); Giftcraft Inc. ("Giftcraft US") (6759); Ripskirt Hawaii, LLC ("Ripskirt") (7613); and Yosox USA Inc. ("Yosox") (1367). The Canadian Debtor and the U.S. Debtors are referred to herein, collectively, as the "Debtors" or "Giftcraft"). The Debtors' executive headquarters are located at 8550 Airport Road, Brampton, Ontario, L6T 5A3.

each of which is subject to a receivership proceeding in Canada (the "Foreign Proceedings") pursuant to section 243(1) of the *Bankruptcy and Insolvency Act*, R.S.C. 1985, c. B-3, as amended, and section 101 of the *Courts of Justice Act*, R.S.O. 1990, c. C.43, as amended, pending before the Ontario Superior Court of Justice (Commercial List) (the "Canadian Court"), has commenced the above-captioned chapter 15 cases (these "Chapter 15 Cases") ancillary to the Foreign Proceedings and respectfully submits this motion (this "Motion") for entry of an order granting the relief described below. In support of this Motion, the Foreign Representative respectfully represents as follows:

## JURISDICTION AND VENUE

1.  The Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference M-431*, dated January 31, 2012 (Preska, C.J.). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P). Venue is proper in this Court pursuant to 28 U.S.C. § 1410.

2.  The Foreign Representative has properly commenced these Chapter 15 Cases in accordance with sections 1504 and 1515 of the title 11 of the United States Code, as amended (the "Bankruptcy Code"), by the filing of voluntary petitions (the "Chapter 15 Petitions") for recognition of the Foreign Proceedings under section 1515 of the Bankruptcy Code.

## RELIEF REQUESTED

3.  Through this Motion, the Foreign Representative respectfully requests entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), pursuant to sections 1514 and 1515 of the Bankruptcy Code, Rules 1012(b), 2002(m), 2002(p), 2002(q), and 9007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 9013-1(b) and 9014-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States

Bankruptcy Court for the Southern District of New York (the "Local Rules"), (a) setting a hearing (the "Recognition Hearing") on the relief sought in the *Verified Petition of Foreign Representative for (I) Recognition of Canadian Proceeding as Foreign Main Proceeding, (II) Recognition of Foreign Representative, and (III) Related Relief Under Chapter 15 of the Bankruptcy Code* (the "Verified Petition") during the week of June 23, 2025, or as soon thereafter as the Court's calendar permits, (b) setting 4:00 p.m. (prevailing Eastern Time) on the date that is seven (7) days prior to the Recognition Hearing as the deadline by which any objections to the Verified Petition ("Objections") must be filed and received (the "Objection Deadline"), (c) setting 4:00 p.m. (prevailing Eastern Time) on the date that is three (3) days prior to the Recognition Hearing as the deadline by which any responses to any Objections must be received (the "Reply Deadline"), (d) approving the form of notice of the Recognition Hearing attached to the Proposed Order as **Exhibit 1** (the "Hearing Notice"), (e) approving the manner of service described herein, (f) authorizing the Foreign Representative to redact certain personal identifying information for individuals, and (g) granting related relief.

## BACKGROUND

4. The relevant factual background with respect to the relief sought in this Motion is set forth in *Declaration of Foreign Representative Pursuant to 11 U.S.C. § 1515 and Rule 1007(A)(4) of the Federal Rules of Bankruptcy Procedure and in Support of Verified Petition for (I) Recognition of Foreign Main Proceeding, (II) Recognition of Foreign Representative, and (III) Related Relief Under Chapter 15 of the Bankruptcy Code* (the "Foreign Representative Declaration"). On May 20, 2025, the Foreign Representative filed the Chapter 15 Petitions for relief under chapter 15 of the Bankruptcy Code for each Debtor along with the Motion for Recognition. A description of the Debtors' businesses, corporate and capital structure, and the

3

events leading up to the commencement of the Foreign Proceedings, these Chapter 15 Cases, and the restructuring contemplated in the Canadian Court is included in the Foreign Representative Declaration.

**BASIS FOR RELIEF**

A. **Proposed Notice Procedures and Hearing Date Are Adequate and Comply with the Bankruptcy Rules**

5.  Rule 2002(q)(1) of the Bankruptcy Rules provides that the parties identified therein must be given at least twenty-one days' notice of a hearing to consider the petition for recognition of a foreign proceeding. Bankruptcy Rules 2002(m) and 9007 provide, among other things, that when notice is to be given under the Bankruptcy Rules, the Court shall designate the form and manner in which such notice shall be given (unless otherwise specified in the Bankruptcy Rules).

6.  Pursuant to Bankruptcy Rule 2002(q) and Local Rule 9013-1(b), the Foreign Representative proposes to serve the Hearing Notice, the Chapter 15 Petitions, and the Verified Petition (including the proposed form of order annexed thereto) (collectively, the "Notice Documents") by electronic mail to the extent email addresses are available, and otherwise by overnight mail or United States mail, first-class postage prepaid, upon: (a) the Debtors; (b) all persons or bodies authorized to administer the Debtors' foreign proceedings; (c) counsel to the Debtors' secured lender; (d) all parties against whom provisional relief is being sought under section 1519 of the Bankruptcy Code, including all known creditors and contract counterparties of the Debtors in the United States; (e) the Office of the United States Trustee for the Southern District of New York (the "U.S. Trustee"); (f) any other creditors and parties in interest, as set forth on the Consolidated Verified List Pursuant to Fed. R. Bankr. P. 1007(a)(4), 1008, and 2002(q) attached to the Petitions; (g) all other parties that request notice in the Chapter 15 Cases as of the

date of such service; and (h) all other parties as this Court may direct (collectively, the "Notice Parties").

7. The Foreign Representative submits that the form and manner of service of notice requested herein for the Notice Parties constitutes adequate and sufficient notice of the commencement of the Chapter 15 Cases and the relief sought in the Verified Petition. Additionally, service of all further pleadings that the Foreign Representative files in these Chapter 15 Cases by electronic mail, to the extent email addresses are available, and otherwise by overnight mail or United States mail, first-class postage prepaid, on the Notice Parties is an efficient and effective way to provide notice to such parties.

8. Accordingly, the Foreign Representative respectfully requests that the Court approve the foregoing manner of service of the Notice Documents pursuant to Bankruptcy Rules 2002(m), 2002(p), 2002(q)(1), and 9007.

9. In addition, if any party files a notice of appearance in these Chapter 15 Cases, the Foreign Representative proposes that it will serve the Notice Documents and subsequent notices upon such party within three business days of the filing of such notice of appearance if such documents have not already been served upon such party (or its counsel).

10. Bankruptcy Rule 1012(b) provides that a party objecting to a chapter 15 petition must present such objection no later than seven days before the date set for the hearing on the petition, unless otherwise ordered by the court. In light of this requirement, the Foreign Representative respectfully submits that it is appropriate for this Court to (a) set the Recognition Hearing during the week of June 23, 2025, or as soon thereafter as the Court's calendar permits, (b) set the Objection Deadline for 4:00 p.m. (prevailing Eastern Time) on the date that is seven (7)

days prior to the Recognition Hearing, and (c) set the Reply Deadline for 4:00 p.m. (prevailing Eastern Time) on the date that is three (3) days prior to the Recognition Hearing.

**B.    Requirements of Section 1514(c) Are Not Applicable or Should Be Waived**

11.    Section 1514(c) of the Bankruptcy Code provides that when notice of the commencement of a case is to be given to foreign creditors, such notice shall, among other things, indicate the time period for filing proofs of claim, specify the place for filing such proofs of claim, and indicate whether secured creditors need to file proofs of claim.  11 U.S.C. § 1514(c).  The Foreign Representative submits, however, that section 1514 only applies in plenary cases and does not apply in the context of a chapter 15 case.  *See* 8 Collier on Bankruptcy ¶ 1514.01 (16th ed. 2020) (section 1514 is "last in a series of sections dealing with the international aspects of cases under chapters other than chapter 15 that begin with section 1511 [of the Bankruptcy Code]").  Accordingly, the Foreign Representative respectfully requests that, to the extent applicable, the requirements contained therein be waived in this instance.

12.    Courts in this district have regularly granted this request.  *See, e.g.*, *In re ODN I Perfurações*, Case No. 23-10557 (DSJ) (Bankr. S.D.N.Y. Apr. 12, 2023) [ECF No. 10]; *In re Americanas S.A., et al.*, No. 23-10092 (MEW) (Bankr. S.D.N.Y. Jan. 25, 2023) [ECF No. 18]; *In re Andrade Gutierrez Engenharia S.A.*, No. 2211425 (MG) (Bankr. S.D.N.Y. Oct. 31, 2022) [ECF No. 14]; *In re Garuda Indonesia (Persero) Tbk*, No. 22-11274 (LGB) (Bankr. S.D.N.Y. Sept. 23, 2022) [ECF No. 9]; *In re U.S.J. – Açúcar e Álcool S.A., et al.*, No 22-10320 (DSJ) (Bankr. S.D.N.Y. Mar. 18, 2022) [ECF No. 9]; *In re Samarco Mineração S.A. - Em Recuperação Judicial*, No. 21-10754 (LGB) (Bankr. S.D.N.Y. Apr. 22, 2021) [ECF No. 14]; *In re Digicel Group One Limited*, No. 20-11207 (SCC) (Bankr. S.D.N.Y. May 18, 2020) [ECF No. 11]; *In re Perforadora Oro Negro, S. De R.L. De C.V., et al.*, No. 1811094 (SCC) (Bankr. S.D.N.Y. Apr. 20, 2018) [ECF No. 24]; *Odebrecht Engenharia e Construção S.A., et al.*, No. 20-12741 (MEW) (Bankr. S.D.N.Y. Nov. 25,

2020) [ECF No. 10]; *In re Avanti Communications Grp. Plc.*, No. 18-10458 (MG) (Bankr. S.D.N.Y. Feb. 26, 2018) [ECF No. 11]; *In re U.S. Steel Canada Inc.*, No. 17-11519 (MG) (Bankr. S.D.N.Y. June 2, 2017) [ECF No. 6]; *Odebrecht Óleo e Gás S.A., et al.*, No. 17-13130 (JLG) (Bankr. S.D.N.Y. Nov. 08, 2017) [ECF No. 17]; *In re Edcon Holdings Ltd.*, No. 16-13475 (SCC) (Bankr. S.D.N.Y. Dec. 14, 2016) [ECF No. 16].[2]

### C. Redaction of Individual Information

13. Section 107(c)(1) of the Bankruptcy Code provides that "the bankruptcy court, for cause, may protect an individual, with respect to the following types of information to the extent that the court finds that disclosure of such information would create undue risk of identity theft or other unlawful injury to the individual or the individual's property," including "(A) [a]ny means of identification . . . contained in a paper filed, or to be filed, in a case under [the Bankruptcy Code]" and "(B) [o]ther information contained in a paper described in subparagraph (A)."

14. The form chapter 15 petition requires the Foreign Representative to attach a list containing names and addresses of "all entities against whom provisional relief is being sought under § 1519 of the Bankruptcy Code." *See* Official Form 401, Chapter 15 Petition for Recognition of a Foreign Proceeding § 8. Here, the Foreign Representative seeks provisional relief against certain individuals and, as such, is required to disclose their names and addresses in the Debtors' form petitions.

15. The Debtors respectfully submit that cause exists to authorize the Foreign Representative to redact, pursuant to 11 U.S.C. § 107(c)(1), personally identifiable information— including, without limitation, names and addresses—in respect of individuals listed on the form

---

[2] Due to the voluminous nature of the orders cited herein, such orders have not been attached to this Motion. Copies of these orders are available upon the request of the Foreign Representative's counsel.

petitions or any other document filed with the Court. Such information could be used to perpetrate identity theft or unlawful injury to an individual.

## NOTICE

16. The Foreign Representative will give notice of this Motion to the following parties, or their counsel, if known: (a) the Debtors; (b) the U.S. Trustee; (c) the Notice Parties; and (d) any other parties entitled to notice pursuant to Bankruptcy Rule 2002(q). In light of the nature of the relief requested, the Foreign Representative submits that no further notice is required.

## NO PRIOR REQUEST

17. No previous request for the relief sought herein has been made to this or any other court in the United States.

## CONCLUSION

WHEREFORE, the Foreign Representative respectfully requests that this Court (i) enter the Proposed Order, substantially in the form annexed hereto as **Exhibit A**, granting the relief requested herein and (ii) grant such other and further relief as may be just and proper.

Dated: May 20, 2025         **CHIPMAN BROWN CICERO & COLE, LLP**
New York, New York

*/s/ Daniel G. Egan*
Daniel G. Egan
501 5th Ave. 15th Floor
New York, New York 10017
Telephone: (646) 741-5529
egan@chipmanbrown.com

-and-

**CHIPMAN BROWN CICERO & COLE, LLP**
Mark L. Desgrosseilliers (*pro hac vice* requested)
Hercules Plaza
1313 North Market Street, Suite 5400
Wilmington, Delaware 19801
Telephone: (302) 295-0192
desgross@chipmanbrown.com

*Counsel to the Foreign Representative*